IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TICA HOMES, LLC, § <br> § <br> Plaintiff § <br> § <br> VS. § <br> § <br> SELECT PORTFOLIO SERVICING, INC. § <br> and § <br> WILMINGTON SAVINGS FUND SOCIETY § <br> FSB, AS TRUSTEE OF STARWOOD § <br> MORTGAGE RESIDENTIAL TRUST 2021-2 § <br> § <br> Defendants | C.A. NO. 4:23-cv-27 |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Select Portfolio Servicing, Inc. ("**SPS**") and Wilmington Savings Fund Society FSB, as Trustee of Starwood Mortgage Residential Trust 2021-2 ("**Trustee**") (both are collectively "**Defendants**") hereby remove this case from the 80th District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Defendants deny the claims and damages alleged in Plaintiff's Original Petition and file this Notice of Removal without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court.

### I.   INTRODUCTION

1. On or about December 21, 2022, Plaintiff, Tica Homes, LLC ("**Plaintiff**") commenced this action by filing Plaintiff's Original Petition (the "**Complaint**"), Cause No. 2022-82787; In the 80th District Court, Harris County, Texas (the **"State Court Action"**).[1]   On January 5, 2023, Defendants filed their Original Answer.[2]

---

[1] See Exhibit C-1.
[2] See Exbibit C-2.

2. Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of Defendant's first receipt of the initial state court pleading.[3]

## II. PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a). Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III. BASIS FOR REMOVAL

4. This action is within the original jurisdiction of the United States District Court based on diversity jurisdiction. Furthermore, venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties.

5. This civil action involves a controversy between citizens of different states. Plaintiff is a Texas Limited Liability Company. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The only known member and manager of Plaintiff is Andreana Araya who is a resident of Texas who resides in and is domiciled in Texas. Accordingly, Plaintiff is resident of Texas for diversity jurisdiction purposes.

6. Defendant, SPS is a Utah Corporation and is not a citizen of Texas for diversity purposes. A corporation is deemed to be a citizen of (1) every state where it has been

---

[3] *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[4] SPS is a Utah corporation with its principal place of business in Salt Lake City, Utah. SPS is not incorporated in Texas, nor is its principal place of business located in Texas. Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction and is diverse in citizenship from Plaintiff.

7. Wilmington Savings Fund Society, FSB, is the trustee of a trust. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[5] Wilmington Savings Fund Society, FSB, is a federal savings bank chartered under the laws of the United States. Wilmington's home office is located in Delaware, and therefore it is a citizen of Delaware for diversity purposes.[6] Wilmington Savings Fund Society and thus Trustee are citizens of Delaware for diversity purposes and are diverse in citizenship from Plaintiff.

8. Since Plaintiff is a resident of Texas for diversity purposes and Defendants are residents of states other than Texas for diversity purposes, complete diversity exists between the parties.

B. **Amount in Controversy**.

9. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[7] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[8]

10. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of

---

[4] 28 U.S.C.A. § 1332(c)(1).
[5] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980).
[6] See 28 U.S.C. § 1446(x).
[7] *See* 28 U.S.C.A. § 1441(a).
[8] *See* 28 U.S.C.A. § 1332(a).

removal, alleged damages in excess of the statutory minimum.[9] The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[10]

11. In this instance, Plaintiff's Complaint makes it apparent that Plaintiff's claimed damages exceed $75,000.00 given that Plaintiff explicitly states it is seeking monetary relief over $250,000.00 excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.[11]

12. Defendant has met its burden in establishing the amount in controversy for purposes of Diversity Jurisdiction.

## V.  JURY DEMAND

13. Plaintiff has made no known jury demand in the State Court Action.

## VI.  CONCLUSION

14. For the foregoing reasons, Defendants ask the Court to remove this suit to the United States District Court, Southern District of Texas, Houston Division.

---

[9] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).
[10] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[11] See Complaint at ¶ 9.

4

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
Michael F. Hord, Jr.
Texas Bar No. 00784294
Federal I.D. No. 16035
Eric C. Mettenbrink
Texas Bar No. 24043819
Federal I.D. No. 569887
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002-2772
Telephone 713-220-9182
Facsimile 713-223-9319
E-mail: mhord@hirschwest.com
Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of January, 2023, a true and correct copy of Defendants' Notice of Removal was forwarded as follows:

Abel A. Leal
Mason Leal
Simmons & Odle, P.C.
8144 Walnut Hill Ln. Ste. 1080
Dallas, Texas 75231
Email: abel@ebs-law.net
Email: mason@ebs-law.net
Attorneys for Plaintiff
**Via ECF**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

20170194.20220284/4327114.1